IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.

Dated: June 12, 2018.



_____
CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE

---

Jennifer R. Bergh, Esq. (SBN 24103791)
LAW OFFICES OF MICHELLE GHIDOTTI
5120 E. La Palma Ave. Ste. 206
Anaheim Hills, CA 92807
Ph: (949) 354-2601
Fax: (949) 200-4381
jbergh@ghidottilaw.com

Attorney for Movant,
SRP 2013-7 LLC, its successors and assigns

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE: | § CASE NO.: 15-52317-CAG |
| DANNY L. ORTIZ AND CYNTHIA ANN MARTINEZ | § |
| | § CHAPTER 13 |
| DEBTOR, | § |
| SRP 2013-7 LLC, | § |
| MOVANT, | § |
| DANNY L. ORTIZ AND CYNTHIA ANN MARTINEZ | § |
| RESPONDENTS. | § |

## ADEQUATE PROTECTION ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY AGAINST PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. SECTIONS 362(d)(1) OF THE BANKRUPTCTY CODE (WITH WAIVER OF THIRTY DAY HEARING REQUIREMENT)

On this day came on for consideration the Motion for Relief from Automatic Stay filed by SRP 2013-7 LLC ("**Movant**") pursuant to 11 U.S.C. Sections 362(d)(1) of the Bankruptcy Code (With Waiver of Thirty Day Hearing Requirement)(the "**Unopposed Motion**").

Movant by and through its attorney of record, The Law Offices of Michelle Ghidotti, by Jennifer R. Bergh, Esq., and the Debtors Danny L. Ortiz And Cynthia Ann Martinez (the "**Debtors**"), by and through their attorney of record, Malaise Law Firm, by J. Todd Malaise, Esq. agree as to all matters contained in the Motion for Relief and ask the Court to enter this Agreed Order and Stipulation for Adequate Protection (the "**Agreed Order**") evidencing the terms of their agreement.

## RECITALS

1. On September 28, 2015, Debtor, Danny L. Ortiz and Cynthia Ann Martinez (the "**Debtors**") filed a petition under Chapter 13 of the United States Bankruptcy Code, Petition No.: 15-52317-cag (the "**Instant Petition**").

2. On February 28, 2002, Debtors executed and delivered to Obra Homes, Inc., a Note, with an original principal balance of $62,990.22 (the "**Note**").

3. Movant is the current owner of the Note and is in possession of the original Note.

4. Concurrently therewith, and as security for the Note, the Borrowers executed and delivered to Obra Homes, Inc., a Deed of Trust ("**Deed of Trust**"), dated February 28, 2002, and filed of record with the County Clerk of Bexar County, Texas against the Property, and more specifically described as:

> LOTS 2, BLOCK 46, NEW CITY BLOCK 17526, LACKLAND CITY SUBDIVISION, UNIT 226, CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 8100, PAGE 77-78, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS

5. On August 11, 2017, Movant filed its Motion for Relief from Stay ("**Motion for Relief**") indicating that Debtors were due and owing for seven (7) post-petition monthly payments as follows:

| Payments Due: | Payment | Total Default |
| --- | --- | --- |

| | | | |
|---|---|---|---|
| 01/28/17-02/28/17 | 2 @ $799.44 | = | $1,598.88 |
| 03/28/17-07/28/17 | 5 @ $774.36 | = | $3,871.80 |
| Late Charges | | = | $96.47 |
| **Total Default** | | = | **$5,567.15** |

6. Movant incurred attorney's fees and costs in the amount of no less than $1,031.00 in connection to the Motion for Relief from Stay.

7. An additional payments came due on August 28, 2017, September 28, 2017, October 28, 2017, November 28, 2017, December 28, 2017, January 28, 2018, February 28, 2018, and March 28, 2018 in the amount of $774.36 each.

8. As of April 15, 2018 Debtors are due and owing for the September 28, 2017 payment and all subsequent payments as follows:

| Payments Due: | Payment | | Total Default |
|---|---|---|---|
| 09/28/17-11/28/17 | 3 @ $774.36 | = | $2,323.08 |
| 12/28/17-03/28/17 | 4 @ $813.17 | = | $3,252.68 |
| Attorney Fees | | = | $1,081.00 |
| Total Default | | = | $6,656.76 |

9. An additional payment will come due on April 28, 2018 in the amount of $813.17.

10. Based upon the foregoing facts, the Court finds as follows:

## STIPULATION

11. Debtors shall cure their post-petition arrearage in the amount of $6,656.76 calculated through April 15, 2018, by filing an Amended Chapter 13 Plan which provides for the cure of the post-petition arrears by May 23, 2018. The Trustee reserves the right to object to modification of the plan or the amended plan. ~~at the end of paragraph 11~~. MLA

12. The Debtors will make their April 28, 2018, payment, and all payments going forward in the amount of $813.17 (or as may be adjusted pursuant to the terms of the Note and Deed of Trust) continuing on the twenty eighth day of each month thereafter within the grace period until the indebtedness is paid in full or a Court Order is entered to the contrary.

13. In addition to maintaining their mortgage payments, the Debtors shall be required to maintain all plan payments to the Chapter 13 Trustee.

14. Debtors must also maintain current insurance coverage on the Property and must remain current on all post-petition taxes where applicable.

15. Upon any default in the terms and conditions set forth in paragraphs 11 through 14 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtors' attorney of record, if any, sent by U.S. Mail and Electronic Mail. Movant must also serve written notice of default to the Debtors by U.S. Mail. If the Debtors fail to cure the default within 10 days after service of such written notice Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the sty, which the court may grant without further notice or hearing. Movant shall notify the Trustee upon termination of stay MLA

16. Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, The Debtors shall be entitled to a Maximum of Two Notices of Default and Opportunities to cure pursuant to the preceding paragraph. Once the Debtors has defaulted two times on the obligations imposed by this order and has been served with two Notices of Default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtors with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtors' failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

17. Movant shall be entitled to charge a fee of $75.00 for any ten (10) day written notice required because of default.

18. Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

19. This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtors.

20. If Movant obtains relief from stay based on the Debtors' default under this Adequate Protection Agreement, the order granting relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

21. If relief from stay is granted by virtue of default, the requirements of Bankruptcy Rule 3002.1 shall be hereby waived.

14. Debtors must also maintain current insurance coverage on the Property and must remain current on all post-petition taxes where applicable.

15. Upon any default in the terms and conditions set forth in paragraphs 11 through 14 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtors' attorney of record, if any, sent by U.S. Mail and Electronic Mail. Movant must also serve written notice of default to the Debtors by U.S. Mail. If the Debtors fail to cure the default within 10 days after service of such written notice Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the sty, which the court may grant without further notice or hearing. Movant shall notify the Trustee upon termination of stay. MLA

16. Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, The Debtors shall be entitled to a Maximum of Two Notices of Default and Opportunities to cure pursuant to the preceding paragraph. Once the Debtors has defaulted one time on the obligations imposed by this order and has been served with one Notice of Default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtors with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtors' failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

17. Movant shall be entitled to charge a fee of $75.00 for any ten (10) day written notice required because of default.

18. Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

19. This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtors.

20. If Movant obtains relief from stay based on the Debtors' default under this Adequate Protection Agreement, the order granting relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

21. If relief from stay is granted by virtue of default, the requirements of Bankruptcy Rule 3002.1 shall be hereby waived.

22. In the event this case is converted to a Chapter 7 proceeding, the Automatic Stay shall be terminated without further notice, order or proceedings of the court. If the Automatic Stay is terminated as a matter of law, the terms of this Order shall immediately cease in effect and Movant may proceed to enforce its remedies under non-bankruptcy law against the Property and/or the Debtors.

23. ORDERED to the extent the Property is foreclosed on and sold, any excess proceeds from the sale shall be turned over to the Trustee with a reservation of the issue as to whether the Debtor is entitled to such funds.

24. Upon notice of termination of stay the Trustee shall cease funding Movant's claim.

###

AGREED TO AND APPROVED BY:

_____
J. Todd Malaise, Esq.
909 NE Loop 410, Suite 300
San Antonio, TX 78209
(210)732-6699 (Telephone)
notices@malaiselawfirm.com
Counsel for Respondents

/S/ JENNIFER R. BERGH
Jennifer R. Bergh, Esq.
Law Office of Michelle Ghidotti
600 E. John Carpenter Fwy., Ste. 200
Irving, TX 75062
(949) 427-2010 (Telephone)
jbergh@ghidottilaw.com
Counsel for Creditor

Marshall L. Armstrong
Staff Attorney for
Chapter 13 Trustee