Jennifer R. Bergh, Esq. (SBN 24103791)
Kristin Zilberstein, Esq. (SBN 24104960)
LAW OFFICES OF MICHELLE GHIDOTTI
5120 E. La Palma Ave. Ste. 206
Anaheim Hills, CA 92807
Ph: (949) 354-2601
Fax: (949) 200-4381
jbergh@ghidottilaw.com

**Attorneys for Movant,**
SRP 2013-7 LLC, its successors and assigns

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE: | § CASE NO.: 15-52317-CAG |
| | § |
| **DANNY L. ORTIZ** | § CHAPTER 13 |
| | § |
| DEBTOR, | § |
| | § |
| | § |
| **SRP 2013-7 LLC,** | § |
| | § |
| MOVANT, | § |
| | § |
| **DANNY L. ORTIZ AND CYNTHIA ANN** | § |
| **MARTINEZ (CO DEBTOR NOT IN BK)** | § |
| | § |
| RESPONDENTS. | |

### AFFIDAVIT OF KRISTIN ZILBERSTEIN
### FOR SRP 2013-7 LLC

| | |
|---|---|
| **STATE OF CALIFORNIA** | § |
| | § |
| **COUNTY OF ORANGE** | § |
| | § |

"Affiant, being duly sworn, deposes and says that:

1. My name is Kristin Zilberstein, I am of sound mind, capable of making this affidavit, and am personally acquainted with the facts herein stated.

2. I am employed by the Law Office of Michelle Ghidotti, as the Manager of the Bankruptcy

---
1

AFFIDAVIT OF KRISTIN ZILBERSTEIN

Department.

3. I am the attorney of record for SRP 2013-7 LLC ("**Movant**").

4. I make this affidavit based upon the facts testified herein, all of which are in my personal knowledge, unless stated upon information and belief. As to the statements made upon information and belief, I believe them to be true. If called as a witness, I could and would competently testify thereto.

5. I am personally familiar with the books, records and files of the case that pertain to Debtor Danny L. Ortiz, ("**Debtor**") and Cynthia Ann Martinez (collectively the "**Borrowers**") concerning the property commonly known as 9006 Portside, San Antonio, TX 78242 (the "**Property**"). I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

6. On August 11, 2017, a Motion for Relief from the Automatic Stay was filed, asserting that Debtor was in default for failing to tender no less than five (5) post-petition monthly payments as follows:

| Payments Due: | Payment | | Total Default |
|---|---|---|---|
| 01/28/17-02/28/17 | 2 @ $799.44 | = | $1,598.88 |
| 03/28/17-07/28/17 | 3 @ $774.36 | = | $3,871.80 |
| Late Charges | | = | $96.47 |
| **Total Default** | | = | **$5,567.15** |

7. Debtor requested an APO and Movant's hearing was taken off Calendar.

8. Debtor and Movant entered into an APO in which Debtor was required to file an Amended

2
AFFIDAVIT OF KRISTIN ZILBERSTEIN

Plan by May 23, 2018, to provide for the cure of the post-petition arrears default. A true and correct copy of the APO is attached hereto as **Exhibit "A"**.

9. The Law Office of Michelle Ghidotti caused to be served a Notice of Default under the APO. A true and correct copy of the Letter is attached hereto as **Exhibit "B"**.

10. Debtors have not filed an Amended Plan and failed to cure within ten (10) days of the APO default letter.

11. I solemnly affirm under the penalty of perjury and upon personal knowledge that the contents of the foregoing affidavit, and I am submitting this affidavit on behalf of Movant, SRP 2013-7 LLC.

Further Affiant sayeth not."

By: _____
Kristin Zilberstein, Esq., Affiant
Attorney of Record for Movant

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**   CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of __California__

On __7-31-2018__ before me, __ANDREA Edmiston__,
　　　　Date　　　　　　　　　　　　　　　　　Here Insert Name and Title of the Officer
personally appeared __Kristen Zilberstein__
　　　　　　　　　　　　　　　　Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
　　　　　　　Signature of Notary Public

[Notary Seal:
ANDREA EDMISTON
Notary Public – California
Orange County
Commission # 2196687
My Comm. Expires May 12, 2021]

Place Notary Seal Above

──────── **OPTIONAL** ────────

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: __Affidavit of Kristin__
Document Date: __7-31-208__　　Number of Pages: __3__
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual　　☐ Attorney in Fact
☐ Trustee　　☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual　　☐ Attorney in Fact
☐ Trustee　　☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)　Item #5907

# EXHIBIT "A"

IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.

Dated: June 12, 2018.



_____
CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE

---

Jennifer R. Bergh, Esq. (SBN 24103791)
LAW OFFICES OF MICHELLE GHIDOTTI
5120 E. La Palma Ave. Ste. 206
Anaheim Hills, CA 92807
Ph: (949) 354-2601
Fax: (949) 200-4381
jbergh@ghidottilaw.com

**Attorney for Movant,**
SRP 2013-7 LLC, its successors and assigns

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 15-52317-CAG |
| DANNY L. ORTIZ AND CYNTHIA ANN MARTINEZ | CHAPTER 13 |
| DEBTOR, | |
| SRP 2013-7 LLC, | |
| MOVANT, | |
| DANNY L. ORTIZ AND CYNTHIA ANN MARTINEZ | |
| RESPONDENTS. | |

## ADEQUATE PROTECTION ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY AGAINST PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. SECTIONS 362(d)(1) OF THE BANKRUPTCTY CODE (WITH WAIVER OF THIRTY DAY HEARING REQUIREMENT)

On this day came on for consideration the Motion for Relief from Automatic Stay filed by SRP 2013-7 LLC ("**Movant**") pursuant to 11 U.S.C. Sections 362(d)(1) of the Bankruptcy Code (With Waiver of Thirty Day Hearing Requirement)(the "**Unopposed Motion**").

Movant by and through its attorney of record, The Law Offices of Michelle Ghidotti, by Jennifer R. Bergh, Esq., and the Debtors Danny L. Ortiz And Cynthia Ann Martinez (the "**Debtors**"), by and through their attorney of record, Malaise Law Firm, by J. Todd Malaise, Esq. agree as to all matters contained in the Motion for Relief and ask the Court to enter this Agreed Order and Stipulation for Adequate Protection (the "**Agreed Order**") evidencing the terms of their agreement.

### RECITALS

1. On September 28, 2015, Debtor, Danny L. Ortiz and Cynthia Ann Martinez (the "**Debtors**") filed a petition under Chapter 13 of the United States Bankruptcy Code, Petition No.: 15-52317-cag (the "**Instant Petition**").

2. On February 28, 2002, Debtors executed and delivered to Obra Homes, Inc., a Note, with an original principal balance of $62,990.22 (the "**Note**").

3. Movant is the current owner of the Note and is in possession of the original Note.

4. Concurrently therewith, and as security for the Note, the Borrowers executed and delivered to Obra Homes, Inc., a Deed of Trust ("**Deed of Trust**"), dated February 28, 2002, and filed of record with the County Clerk of Bexar County, Texas against the Property, and more specifically described as:

> LOTS 2, BLOCK 46, NEW CITY BLOCK 17526, LACKLAND CITY SUBDIVISION, UNIT 226, CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 8100, PAGE 77-78, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS

5. On August 11, 2017, Movant filed its Motion for Relief from Stay ("**Motion for Relief**") indicating that Debtors were due and owing for seven (7) post-petition monthly payments as follows:

| Payments Due: | Payment | Total Default |
| --- | --- | --- |

| | | | |
|---|---|---|---|
| 01/28/17-02/28/17 | 2 @ $799.44 | = | $1,598.88 |
| 03/28/17-07/28/17 | 5 @ $774.36 | = | $3,871.80 |
| Late Charges | | = | $96.47 |
| **Total Default** | | = | **$5,567.15** |

6. Movant incurred attorney's fees and costs in the amount of no less than $1,031.00 in connection to the Motion for Relief from Stay.

7. An additional payments came due on August 28, 2017, September 28, 2017, October 28, 2017, November 28, 2017, December 28, 2017, January 28, 2018, February 28, 2018, and March 28, 2018 in the amount of $774.36 each.

8. As of April 15, 2018 Debtors are due and owing for the September 28, 2017 payment and all subsequent payments as follows:

| Payments Due: | Payment | | Total Default |
|---|---|---|---|
| 09/28/17-11/28/17 | 3 @ $774.36 | = | $2,323.08 |
| 12/28/17-03/28/17 | 4 @ $813.17 | = | $3,252.68 |
| Attorney Fees | | = | $1,081.00 |
| Total Default | | = | $6,656.76 |

9. An additional payment will come due on April 28, 2018 in the amount of $813.17.

10. Based upon the foregoing facts, the Court finds as follows:

## STIPULATION

11. Debtors shall cure their post-petition arrearage in the amount of $6,656.76 calculated through April 15, 2018, by filing an Amended Chapter 13 Plan which provides for the cure of the post-petition arrears by May 23, 2018. The Trustee reserves the right to object to modification of the plan or the amended plan. ~~at the end of paragraph 11.~~ MLA

12. The Debtors will make their April 28, 2018, payment, and all payments going forward in the amount of $813.17 (or as may be adjusted pursuant to the terms of the Note and Deed of Trust) continuing on the twenty eighth day of each month thereafter within the grace period until the indebtedness is paid in full or a Court Order is entered to the contrary.

13. In addition to maintaining their mortgage payments, the Debtors shall be required to maintain all plan payments to the Chapter 13 Trustee.

3
AGREED ORDER AND STIPULATION FOR RELIEF FROM STAY

14. Debtors must also maintain current insurance coverage on the Property and must remain current on all post-petition taxes where applicable.

15. Upon any default in the terms and conditions set forth in paragraphs 11 through 14 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtors' attorney of record, if any, sent by U.S. Mail and Electronic Mail. Movant must also serve written notice of default to the Debtors by U.S. Mail. If the Debtors fail to cure the default within 10 days after service of such written notice Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the sty, which the court may grant without further notice or hearing. Movant shall notify the Trustee upon termination of stay. MLA

16. Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, The Debtors shall be entitled to a Maximum of Two Notices of Default and Opportunities to cure pursuant to the preceding paragraph. Once the Debtors has defaulted two times on the obligations imposed by this order and has been served with two Notices of Default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtors with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtors' failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

17. Movant shall be entitled to charge a fee of $75.00 for any ten (10) day written notice required because of default.

18. Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

19. This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtors.

20. If Movant obtains relief from stay based on the Debtors' default under this Adequate Protection Agreement, the order granting relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

21. If relief from stay is granted by virtue of default, the requirements of Bankruptcy Rule 3002.1 shall be hereby waived.

14. Debtors must also maintain current insurance coverage on the Property and must remain current on all post-petition taxes where applicable.

15. Upon any default in the terms and conditions set forth in paragraphs 11 through 14 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtors' attorney of record, if any, sent by U.S. Mail and Electronic Mail. Movant must also serve written notice of default to the Debtors by U.S. Mail. If the Debtors fail to cure the default within 10 days after service of such written notice Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the sty, which the court may grant without further notice or hearing. Movant shall notify the Trustee upon termination of stay. MLA

16. Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, The Debtors shall be entitled to a Maximum of Two Notices of Default and Opportunities to cure pursuant to the preceding paragraph. Once the Debtors has defaulted one time on the obligations imposed by this order and has been served with one Notice of Default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtors with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtors' failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

17. Movant shall be entitled to charge a fee of $75.00 for any ten (10) day written notice required because of default.

18. Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

19. This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtors.

20. If Movant obtains relief from stay based on the Debtors' default under this Adequate Protection Agreement, the order granting relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

21. If relief from stay is granted by virtue of default, the requirements of Bankruptcy Rule 3002.1 shall be hereby waived.

22. In the event this case is converted to a Chapter 7 proceeding, the Automatic Stay shall be terminated without further notice, order or proceedings of the court. If the Automatic Stay is terminated as a matter of law, the terms of this Order shall immediately cease in effect and Movant may proceed to enforce its remedies under non-bankruptcy law against the Property and/or the Debtors.

23. ORDERED to the extent the Property is foreclosed on and sold, any excess proceeds from the sale shall be turned over to the Trustee with a reservation of the issue as to whether the Debtor is entitled to such funds.

24. Upon notice of termination of stay the Trustee shall cease funding Movant's claim.

###

AGREED TO AND APPROVED BY:

_[signature]_

J. Todd Malaise, Esq.
909 NE Loop 410, Suite 300
San Antonio, TX 78209
(210)732-6699 (Telephone)
notices@malaiselawfirm.com
Counsel for Respondents

/S/ JENNIFER R. BERGH
Jennifer R. Bergh, Esq.
Law Office of Michelle Ghidotti
600 E. John Carpenter Fwy., Ste. 200
Irving, TX 75062
(949) 427-2010 (Telephone)
jbergh@ghidottilaw.com
Counsel for Creditor

_[signature]_
Marshall L. Armstrong
Staff Attorney for
Chapter 13 Trustee

# EXHIBIT "B"



July 16, 2018

**OUR FILE NUMBER:**
1301-2352

*<u>Via U.S. Mail</u>*
*Mr. Danny L. Ortiz*
*Mrs. Cynthia Ann Ortiz*
*9006 Portside*
*San Antonio, TX 78242*

*<u>Via U.S. Mail and Electronic Mail</u>*
*J. Todd Malaise*
*909 NE Loop 410, Suite 300*
*San Antonio, TX 78209*
*Email: notices@malaiselawfirm.com*

Re: *<u>Danny L Ortiz and Cynthia Ann Ortiz (hereinafter the "**Debtors**"); Breach under Stipulation Granting Adequate Protection ("**Stipulation**"); 9006 Portside San Antonio, TX 78242;("**Property**")</u>*

Dear Mr. Danny L. Ortiz and Mrs. Cynthia Ann Ortiz,

We represent SRP 2013-7 LLC ("**Creditor**"). The purpose of this letter is to notify you of a default under the terms of the Order executed on June 12, 2018, in connection to Bankruptcy Case No.: 15-52317-cag (the "**Stipulation**"). A copy of the Stipulation is enclosed herewith for your reference.

Pursuant to the terms of the Stipulation, the Debtors were required to file an Amended Plan on or before May 23, 2018. As of July 16, 2018 you have failed to file the Amended Plan and are therefore in default under the terms of the Stipulation. Pursuant to the terms of the stipulation Creditor is entitled to an additional fee in the amount of $75.00 in connection to the preparation of this default notice. Therefore, payment in the amount of $75.00 shall be immediately tendered to Creditor and the Amended Plan must be prepared and filed.

As set forth in the Order, this letter shall constitute the 10 day written notice required under the terms of the Stipulation. If payment in the amount of $75.00 and the Amended Plan is not filed prior to July 26, 2018 we will lodge an order seeking to have the automatic stay lifted.

If you have any questions, please call the undersigned.

Best Regards,

THE LAW OFFICES OF MICHELLE GHIDOTTI

/s/ Jennifer R. Bergh

Jennifer R. Bergh, Esq.

*J. Todd Malaise*  
*909 NE Loop 410, Suite 300*  
*San Antonio, TX 78209*  
*Email: [notices@malaiselawfirm.com](mailto:notices@malaiselawfirm.com)*

*Mr. Danny L. Ortiz*  
*Mrs. Cynthia Ann Ortiz*  
*9006 Portside*  
*San Antonio, TX 78242*

Jennifer R. Bergh, Esq. (SBN 24103791)
Kristin A. Zilberstein, Esq. (SBN 24104960)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010
Fax: (949) 427-2732
jbergh@ghidottilaw.com

**Attorney for Movant,**
SRP 2013-7 LLC, its Successors and Assigns

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO.: 15-52317-CAG |
| | § | |
| DANNY L. ORTIZ, | § | CHAPTER 13 |
| | § | |
| DEBTORS, | § | CERTIFICATE OF SERVICE |
| | § | |
| SRP 2013-7 LLC, | § | |
| | § | |
| MOVANT, | § | |
| | § | |
| DANNY L. ORTIZ AND CYNTHIA ANN | § | |
| MARTINEZ (CO DEBTOR NOT IN BK) | § | |
| | § | |
| RESPONDENTS. | § | |
| | § | |

<u>**CERTIFICATE OF SERVICE**</u>

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is: 1920 Old Tustin Ave., Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On August 1, 2018 I served the following documents described as:

- **AFFIDAVIT OF KRISTIN ZILBERSTEIN FOR SRP 2013-7 LLC**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor**<br>Danny L. Ortiz<br>9006 Portside<br>San Antonio, TX 78242<br><br>**Debtor**<br>Cynthia Ann Ortiz<br>9006 Portside<br>San Antonio, TX 78242<br><br>**Debtors' Counsel**<br>J. Todd Malaise<br>909 NE Loop 410, Suite 300<br>San Antonio, TX 78209 | **Chapter 13 Trustee**<br>Mary K Viegelahn<br>Chapter 13 Trustee<br>10500 Heritage Blvd Suite 201<br>San Antonio, TX 78216<br><br>**Chapter 13 Trustee's Counsel**<br>Mary K. Viegelahn10<br>San Antonio Chapter 13 Trustee<br>909 NE Loop 410, Suite 400<br>San Antonio, TX 78209 |
|---|---|

__xx___(By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx__(Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 1, 2018 at Anaheim, California

/*s / Jennifer R. Bergh*
Jennifer R. Bergh